UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| DONALD G.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-00164-RLY-MPB |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### ENTRY ADOPTING REPORT AND RECOMMENDATION AND REMANDING TO THE AGENCY

Plaintiff, Donald G., suffers from chest pain, cardiac conditions, depression and anxiety, morbid obesity, and migraines. (Filing No. 8-2 at 21–38). He applied for supplemental security income on August 28, 2019. (*Id.* at 21). His claim was denied initially and an ALJ affirmed that denial on January 11, 2021, after a hearing. (*Id.* at 2). The Appeals Council denied review. (*Id.*). Donald G. timely filed this suit for review of that decision pursuant to 42 U.S.C. § 405(g).

The court referred the matter to Magistrate Judge Brookman on June 7, 2022, pursuant to 28 U.S.C. § 636(b)(1)(B). (Filing No. 15). Judge Brookman recommended the court reverse the Commissioner's decision and remand to the agency on three

---

[1] To protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

grounds. (*See* Filing No. 22). Judge Brookman cogently explained the court should remand for: (1) a failure to consider migraine symptoms in determining Donald G. did not require a time-off-task limitation; (2) a failure to consider whether the state-agency psychologists' checkbox findings were consistent with the state-agency psychologists' narrative testimony; and (3) a failure to adequately consider a physician's opinion that Donald G. would have difficulty completing tasks satisfactorily.² (*Id.*)

No party objects to Judge Brookman's recommended result of remand. The Commissioner only objects on a narrow ground: a checkbox finding by the state-agency reviewing psychologists that suggests greater limitations than the ALJ's residual functional capacity ("RFC") finding is not a proper basis for remand. The court does not agree. The ALJ's failure to explain why his RFC finding was less restrictive than the reviewing psychologists' checkbox limitation is a proper ground for remand.

**I.    Background**

Donald G. suffers from severe migraines. (Filing No. 24–25). In evaluating whether Donald G. was disabled, the ALJ properly followed the five-step sequential evaluation in 20 CFR § 416.920(a) and concluded Donald G. was not disabled at the last step. (*Id.* at 21–38).

---

² Donald G. raised a fourth point of error: the ALJ's conclusion that there were 69,800 jobs he could work in the national economy was not a "significant" number of jobs as considered by the regulations. (*See* Filing No. 22 at 20). Judge Brookman extensively discussed the Seventh Circuit's most recent precedent on this issue and explained this precedent should be taken into consideration on remand. (*Id.* at 21–22 (discussing *Milhem v. Kijakazi*, 52 F.4th 688 (7th Cir. 2022))). This was not an independent basis for remand, but "[o]n remand this guidance from *Milhem* should be taken into consideration." (*Id.* at 23).

2

Relevant to this objection are the findings and testimony of state-agency psychologists who examined Donald G. to determine what limitations he might have for the ALJ's RFC analysis. (Filing No. 8-4 at 13). The psychologists' opinions comprised of two sections: (1) a section of "checkbox" findings where the psychologist answered a series of questions about whether and to what degree Donald G. was limited to certain functionalities; and (2) a narrative section where the psychologists explained their opinions about what limitations Donald G. would have while working. (*Id.* at 13–14).

In the checkbox section, a state-agency psychologist, Dr. Kari Kennedy, found Donald G. was "moderately limited" in his "ability to maintain attention and concentration for extended periods." (*Id.* at 12). Narratively, however, Dr. Kennedy indicated "[t]he evidence suggests that claimant can understand, remember, and carry out detailed, but not complex tasks" and "can attend to tasks for a sufficient period to complete tasks." (*Id.* at 14). On reconsideration, another state-agency psychologist, Dr. Randy Horton, affirmed Dr. Kennedy's checkbox and narrative findings.

Donald G. believes these two findings were inconsistent, which precluded the ALJ from summarily adopting the narrative testimony without addressing the inconsistency. (Filing No. 14 at 24–26). A moderate limitation contemplates that Donald G. would be off task at least some of the time, while the narrative testimony indicates no time-off-task would be required. (*Id.*). The ALJ ultimately adopted the psychologists' narrative findings and did not include a moderate time-off-task limitation in his RFC. (*See* Filing No. 8-2 at 35). Magistrate Judge Brookman agreed with Donald G., stating that the

3

narrative opinion—as well as the ALJ's adoption of it—was "inconsistent, or at minimum fail[ed] to address" the checkbox finding. (Filing No. 22 at 18).

## II.  Legal Standard

Pursuant to Federal Rule of Civil Procedure 72, the court reviews these issues *de novo*, determining for itself whether the Commissioner's decision on those issues is supported by substantial evidence and no error of law occurred. *See Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (explaining the court's role is limited to ensuring the ALJ applied the correct legal standards and is supported by substantial evidence). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ must also "not dismiss a line of evidence contrary to [their] ruling," and instead discuss why that evidence is not persuasive. *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).

## III.  Discussion

While the court reviews the objected issue *de novo*, the court finds the Magistrate Judge's analysis well-reasoned and correct. The issue here is whether the ALJ could adopt the psychologists' narrative opinions without additional explanation.

Seventh Circuit precedent on whether an ALJ can adopt a reviewing psychologists' narrative testimony without running afoul of their duty to consider all lines of evidence is divided into two lines of cases. First, the *Pavilcek* line of cases counsels that an ALJ can adopt the narrative testimony without further explanation where the narrative testimony encapsulates and is consistent with the psychologists' checkbox findings. *Pavilcek v.*

*Saul*, 994 F.3d 777, 793 (7th Cir. 2021) (finding no error where "the checklist portion" of consultants' analysis matched the narrative assessment); *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (finding no error where the narrative testimony explicitly translated the checkbox findings); *Burmester v. Berryhill*, 920 F.3d 507, 511 (7th Cir. 2019) (finding no error where ALJ relied solely on narrative testimony because there were no checkbox findings to contradict). Second, the *DeCamp* line of cases teaches an ALJ must provide additional explanation where the narrative testimony does not discuss or is inconsistent with the checkbox findings. *DeCamp v. Berryhill*, 916 F.3d 671, 675–76 (7th Cir. 2019) (reversing district court and remanding to agency because the narrative explanation did not explain differing limitations indicated by the checkbox limitations); *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014) (holding it was error for an ALJ to rely on narrative explanations and not account for moderate checkbox limitations because the narrative did not adequately explain the checkbox limitations); *Varga v. Colvin*, 794 F.3d 809, 816 (7th Cir. 2015) (explaining checkbox limitations are "medical evidence which cannot just be ignored" and an ALJ may only rely on a narrative explanation "where that narrative adequately encapsulates and translates those [checkbox] observations"). The Magistrate Judge observed these twin lines of cases too and the Commissioner does not dispute the legal framework.

Here, the narrative findings are inconsistent with—or fail to address inconsistencies with—the checkbox findings. The checkbox finding stated Donald G. was "moderately limited" in "maintain[ing] attention and concentration for extended periods." (Filing 8-4 at 13). The narrative findings, however, concluded Donald G. "can

5

understand, remember, and carry out detailed, but not complex tasks" and "can attend to tasks for a sufficient period to complete tasks." (Filing No. 8-4 at 14). The checkbox findings consider that Donald G. has some instances of wandering off tasks even if he ultimately completes them, while the narrative findings indicate no time-off-task is required. That inconsistency places these findings with the *DeCamp* bucket of cases: the ALJ must discuss the apparent or actual inconsistencies in the narrative testimony to avoid remand. *Cf. Pytlewski v. Saul*, 791 F. App'x 611, 616–17 (7th Cir. 2019) (finding no error despite inconsistent narrative and checkbox evidence because the ALJ explicitly considered both). The ALJ did not undertake any such analysis, which requires remand.

      The Commissioner believes that because the state-agency psychologists found that Donald G. could "attend to tasks for a sufficient period," this is a *Pavilcek* rather than a *DeCamp* case. (Filing No. 8-4 at 14). In the Commissioner's view, *Pavilcek* merely holds that the psychologists' narrative form only needs to provide some description that supports the ALJ's RFC finding. The court does not agree with that reading of *Pavilcek*. The critical fact in *Pavilcek* was that the psychologists' narrative statement specifically stated they believed limiting the claimant to "simple, repetitive tasks" would allow the claimant to maintain the attention necessary to complete those tasks for a two-hour period "at a consistent pace." *Pavlicek*, 994 F.3d at 783 (noting the narrative testimony must "'adequately encapsulate[] and translate[]' the checklist") (quoting *Varga*, 794 F.3d at 816). The narrative description here does not limit Donald G. to simple or routine tasks but indicates he can perform detailed tasks. Nor does it mark out any time period for which Donald G. could focus. (Filing No. 8-4 at 13–14). That is why this case is like

6

*DeCamp*, in which the ALJ similarly did not adequately grapple with how a claimant's difficulty concentrating, as indicated by a checkbox finding, conflicted with psychologists' narrative testimony that the claimant could "meet the demands of basic unskilled work." *DeCamp*, 916 F.3d at 673.  Remand on this issue is appropriate.  The ALJ may have had good reasons for not including a time-off-task limitation in his RFC, but he did not articulate those reasons.  On remand, the ALJ should discuss what evidence he is relying on and why that evidence is more persuasive than the state-agency psychologists' checkbox limitation.

## IV.  Conclusion

For the reasons discussed above, the court **OVERRULES** the Commissioner's objection, **ADOPTS** the Report & Recommendation issued by Magistrate Judge Brookman, and **REMANDS** the case to the agency for proceedings consistent with this opinion and Judge Brookman's R&R.  Final judgment shall follow by separate order. **IT IS SO ORDERED** this 27th day of March 2023.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsels of Record.